SLP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2008 JAN -8 PM 4: 58

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Magistrate's Case No. **08 MJ 0058** |
| ) BY_____DEPUTY | |
| **BENJAMIN MANUEL CUNNINGHAM** ) | **COMPLAINT FOR VIOLATION** |
| **JENNIFER JINESTA** ) | **OF**; Title 18 USC, Section 2 – |
| ) | Aiding and Abetting - Felon in |
| ) | Possession of a Firearm (Title 18 |
| ) | USC, Section 922(g)(1)) |
| ) | Title 18USC, Section 2232(a) – |
| ) | Destruction or Removal of Property |
| ) | to Prevent Seizure |

The undersigned complainant being duly sworn states:

### COUNT 1

On January 7, 2008, within the Southern District of California, defendants Benjamin Cunningham and Jennifer Jinesta did knowingly aid and abet Omar Jinesta, a convicted felon, in possessing a firearm that traveled in and affected interstate commerce; in violation of 18 United States Code, Sections 922(g)(1) and 2.

### COUNT 2

On January 7, 2008, within the Southern District of California, defendants Benjamin Cunningham and Jennifer Jinesta did knowingly dispose of and remove property subject to seizure, to wit: a firearm from a residence, for the purpose of preventing its discovery and seizure by law enforcement, in violation of 18 United States Code, Section 2232(a).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Special Agent Floyd Mohler
Bureau of Alcohol, Tobacco
Firearms and Explosives

Sworn to before me and subscribed in my presence, this ____ day of January, 2008

LOUISA S. PORTER
United States Magistrate Judge

United States

1

v.

BENJAMIN MANUEL CUNNINGHAM
JENNIFER JINESTA

### Probable Cause Statement

### OVERT ACTS

In violation of the aforementioned statutes the following acts were committed in the Southern District of California:

On January 7, 2008, ATF San Diego special agents (SA) conducted a surveillance of Omar Jinesta at his residence, located at 3643 Corral Canyon Road, Bonita, California. At approximately 10:30AM, Omar Jinesta left the residence in a car driven by Robert Mendoza. At approximately 10:40AM, ATF agents attempted to conduct a vehicle stop of Mendoza and Omar Jinesta in National City, CA. Mendoza failed to yield to law enforcement officers and fled with Omar Jinesta, entering Interstate 5 southbound towards Mexico. At that time, ATF agents in pursuit of Mendoza's vehicle contacted Customs and Border Protection (CBP) personnel at the San Ysidro Port of Entry, San Ysidro, CA. Upon receiving ATF's warning, CBP Inspectors unsuccessfully attempted to interdict Mendoza and Omar Jinesta as they fled into Mexico. Mendoza and Omar Jinesta were subsequently arrested and detained by Mexican Customs personnel. At approximately 12:55PM, ATF agents took over custody of Mendoza and Omar Jinesta (from Mexican Authorities). Omar Jinesta was placed under arrest for being a felon in possession of a firearm.

Simultaneous to the pursuit of Jinesta, ATF Agents Penate and Geerdes were located outside the aforementioned Jinesta residence. While the mobile surveillance team was in pursuit of Omar Jinesta, agents at the residence observed a Hispanic male, later identified as Benjamin Cunningham, come outside the house with a black plastic bag. Agents saw Cunningham throw the bag over the back fence. Cunningham then walked around the fence to the area on a public sidewalk where he had thrown it and retrieved it. Cunningham looked around as if to see if anyone was watching him. Cunningham then took the bag behind the property and hid it in a quasi-remote wooded area several residences away. Agents then approached Cunningham and asked him about the bag. Cunningham said he had received the bag from Jennifer Jinesta, who, after receiving a phone call, told Cunningham to take the aforementioned items outside of the house and hide them. Inside the bag agents discovered approximately one pound of suspected marijuana, two ounces of suspected cocaine, and a 9MM Kel-Tec handgun, serial number A9Y79, and assorted ammunition.

Meanwhile, after Mendoza and Omar Jinesta were returned by the Mexican authorities, Agents Wakelin and Mohler interviewed Mendoza. Mendoza stated that while Omar Jinesta and he were being pursued, Omar called his wife Jennifer. In a post-arrest statement, after being informed of and waiving his Miranda rights, Omar Jinesta

admitted that he called his wife while fleeing to Mexico with Mendoza. Omar Jinesta said that he instructed his wife to get rid of the gun, ammunition, and the drugs that were at the house, because he thought police were trying to arrest him.

On this same date, after being advised of her Miranda Rights, Jennifer Jinesta told agents that, while at the house that morning, she received a call from Omar Jinesta (her husband), telling her that he was being followed by the police. Jennifer Jinesta admitted that during the aforementioned telephone call, Omar instructed her to tell Ben (Cunningham) to remove the gun and ammunition from their bedroom, and the bag (containing drugs) from the garage, and take them out of the house. Jennifer Jinesta stated she then collected the gun from her and Omar Jinesta's bedroom drawer and the ammunition from their bedroom safe and gave them to Ben Cunningham. Jennifer Jinesta said she then told Ben that Omar wanted him to get the gun and drugs out of the house. Jennifer admitted that she knew cocaine and marijuana were in the bag in the garage. Jennifer Jinesta also admitted that she knew that her husband had been living under the alias Ruben A. Gonzalez for the past two years because he was a convicted felon, had previously been deported to Mexico, and he was no longer allowed to legally be in the United States.

On January 7, 2008, a query of NCIC revealed that on November 25, 2003, in the Southern District of California, Omar JINESTA was convicted of the felony offenses of Title 21 USC Sections 952 and 960, Importation of Marijuana, and Title 18 USC Section 2, Aiding and Abetting.

On January 7, 2008, Special Agent Harry Penate, an Interstate Nexus Expert, examined the aforementioned firearm and stated that it has traveled in or affected interstate commerce.